1  KEVIN W. ALEXANDER  (SBN:  175204)
   kalexander@grsm.com
2  RENATA ORTIZ BLOOM  (SBN:  254377)
   rbloom@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
4  San Diego, CA 92101
   Telephone:  (619) 230-7702
5  Facsimile:  (619) 696-7124

6  Attorneys for Defendants,
   HYATT HOTELS CORPORATION, HYATT CORPORATION, PLAYA
7  RESORTS MANAGEMENT, LLC and PLAYA MANAGEMENT USA, LLC

8

                UNITED STATES DISTRICT COURT
9
            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

11 | JAMES CARTER, an individual, and | ) CASE NO. 3:23-cv-01838-BAS-
   | ANASTASIA DUBOSHINA,            | ) AHG
12 | Individually and as Successor in | )
   | Interest to the Estate of Nico James | ) **MEMORANDUM OF POINTS**
13 | Carter,                         | ) **AND AUTHORITIES IN**
   |                                 | ) **SUPPORT OF DEFENDANTS'**
14 |          Plaintiffs,            | ) **MOTION TO DISMISS**
   |                                 | )
15 |     vs.                         | ) Date: January 22, 2024
   |                                 | ) **NO ORAL ARGUMENT**
16 | HYATT HOTELS CORPORATION;        | ) **UNLESS ORDERED BY THE**
   | HYATT CORPORATION; PLAYA        | ) **COURT**
17 | HOTELS AND RESORTS, N.V.;        | )
   | PLAYA RESORTS MANAGEMENT,        | ) Judge: Honorable Cynthia Bashant
18 | LLC; PLAYA MANAGEMENT USA,       | )
   | LLC; and DOES 1 through 100,     | )
19 |                                 | )
   |          Defendants.            | )

20

21

22

23

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   BACKGROUND ......................................................................... 3

    A.    The Defendants Are Not California Entities ......................... 3

    B.    Plaintiffs Agreed to Forum Selection and Choice-of-Law Clauses. .. 4

    C.    The Alleged Incident ............................................................. 5

III.  ARGUMENT ............................................................................. 5

    A.    Dismissal Is Required Under *Forum Non Conveniens* ......... 6

        1.    The mandatory FSC dictates dismissal ......................... 7

            (a)    The FSC is mandatory and encompasses this dispute .... 7

            (b)    The forum-selection clause is enforceable. .................. 8

            (c)    The public interest factors weigh in favor of dismissal. ......... 10

        2.    This case should be dismissed even if there were no valid forum selection clause (which there is). ............... 13

            (a)    Mexico is an adequate alternative forum. ............... 14

            (b)    The balance of private and public interest factors favors dismissal. ......... 15

    B.    This Is Not a Proper Venue .................................................. 17

    C.    This Court Does Not Have Personal Jurisdiction Over Any Defendant. ......... 18

        1.    There is no basis to exercise general jurisdiction ......... 19

        2.    There is no basis to exercise specific jurisdiction. ......... 20

IV.   CONCLUSION. ........................................................................ 23

-i-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Hilton Worldwide Holdings Inc.*,
484 F. Supp. 3d 921 (D. Or. 2020)....................................................................... 19

*Aimsley Enters., Inc. v. Merryman*,
No. 19-cv-02101-YGR, 2020 WL 1677330 (N.D. Cal. Apr. 6, 2020) ............ 13

*Atlantic Marine Constr. Co. v. United States Dist. Court*,
571 U.S. 49 (2013) ....................................................................................*passim*

*Bernhardt v. Islamic Republic of Iran*,
47 F.4th 856 (D.C. Cir. 2022) .............................................................................. 22

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017) ................................................................................... 3, 19

*Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*,
622 F.3d 996 (9th Cir. 2010) ............................................................................... 12

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
137 S. Ct. at 1781 ................................................................................................ 21

*Cheng v. Boeing Co.*,
708 F.2d 1406 (9th Cir. 1983)................................................................................ 6

*Cleveland v. Kerzner Int'l Resorts, Inc.*,
657 F. App'x 924 (11th Cir. 2016)........................................................................ 9

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*,
61 F.3d 696 (9th Cir. 1995)........................................................................... 11, 15

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ............................................................................... 18, 19, 20

*Dillon v. Avis Budget Grp., Inc.*,
No. CV 18-3870-MWF (JCX), 2018 WL 3475529 (C.D. Cal. July 13, 2018)
....................................................................................................... 21, 22, 23

*Docksider, Ltd. v. Sea Tech., Ltd.*,
875 F.2d 762 (9th Cir. 1989)................................................................................. 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Earthmade Prods., LLC v. Botanicals Internacional S.A. de C.V.*,
No. 8:20-cv-02445-JVS-DFM, 2022 WL 19405239 (C.D. Cal. Feb. 2, 2022)
...................................................................................................... 13, 14

*Eguiarte v. Golden Nugget, LLC*,
No. EDCV181990MWFSHKX, 2018 WL 11338191 (C.D. Cal. Dec. 21, 2018)
...................................................................................................... 21, 23

*Ekpo v. Playa Management USA, LLC*,
No. 1:21-CV-2089-TWT, 2023 WL 3397393 (N.D. Ga. May 11, 2023).... 9, 10

*Endonovo Therapeutics, Inc. v. New Paradigm Ventures, Inc.*,
No. CV-16-07433-MWF, 2017 WL 3049560 (C.D. Cal. Jan. 5, 2017) ........... 6

*Focht v. Sol Melia S.A.*,
No. C-10-0906 EMC, 2012 WL 162564 (N.D. Cal. Jan. 19, 2012) ............... 19

*Ford Motor Co. v. Montana Eighth Judicial Dist. Court*,
141 S. Ct. 1017 (2021) ...................................................... 3, 18, 21, 23

*Gemini Capital Group, Inc. v. Yap Fishing Corp.*,
150 F.3d 1088 (9th Cir. 1998) ........................................................... 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ..................................................... 18, 19, 21

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) ........................................................... 11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) ........................................................... 3

*Indem. Ins. Co. of N. Am., Inc. v. Servicios Refrigerados Internacionales, S.A. de C.V.*,
No. 19-CV-283-CAB-BLM, 2019 WL 2269948 (S.D. Cal. May 28, 2019)
..................................................................................... *passim*

*Joseph Saveri Law Firm, Inc. v. Criden*,
696 F. App'x 189 (9th Cir. 2017) ................................................. 21

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) ........................................................... 20

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-iii-

*Lake v. Lake*,
817 F.2d 1416 (9th Cir. 1987) ........................................................... 20

*Leetsch v. Freedman*,
260 F.3d 1100 (9th Cir. 2001) ........................................................... 14

*Lockman Found. v. Evangelical Alliance Mission*,
930 F.3d 764 (9th Cir. 1991) ........................................................ 3, 13

*Loya v. Starwood Hotels & Resorts Worldwide, Inc.*,
583 F.3d 656 (9th Cir. 2009) ................................................... *passim*

*Lueck v. Sundstrand Corp.*,
236 F.3d at 1143 ............................................................................... 15

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972) ............................................................................... 8

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
858 F.2d 509 (9th Cir. 1988) ................................................... 6, 8, 10

*Metro. Life Ins. Co. v. Neaves*,
912 F.2d 1062 (9th Cir. 1990) ........................................................... 18

*Minghong Inv., Inc. v. Felix Chac Chuo*,
No. 2:21-CV-05979-SB-PD, 2022 WL 2189365 (C.D. Cal. Mar. 9, 2022) .... 13

*Monugian v. Desarrollo Marina Vallarta S.A. de C.V.*,
No. CV 08-1497-GAF, 2008 WL 11336862 (C.D. Cal. Dec. 15, 2008)
........................................................................................... 13, 14, 17

*Nedlloyd Lines B.V. v. Superior Court*,
834 P.3d 1148 & n.5 (Cal. 1992) ....................................................... 12

*Otter Prod., LLC v. Hansen*,
No. CV 13-3712 PA (RZX), 2013 WL 12139137 (C.D. Cal. Aug. 16, 2013) .. 6

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) .................................................................... 14, 16

*Primary Color Sys. Corp. v. Agfa Corp.*,
No. SACV 17-00761-JVS, 2017 WL 8220729 (C.D. Cal. July 13, 2017) ........ 7

*Richards v. Lloyd's of London*,
135 F.3d 1289 (9th Cir. 1998) ............................................................. 8

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-iv-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

*Russell v. Grande Bahia de Los Suenos, S. de R.L.*,
No. 13-cv-2081, 2014 WL 1028882 (S.D. Cal. Mar. 17, 2014) ............... 13, 14

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ........................................................ 18, 20

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007) .............................................................................. 5

*Sun v. Advanced China Healthcare, Inc.*,
901 F.3d 1081 (9th Cir. 2018) ..................................................... 2, 7, 8

*Tuazon v. R.J. Reynolds Tobacco Co.*,
433 F.3d 1163 (9th Cir. 2006) ............................................................ 11

*Walden v. Fiore*,
571 U.S. 277 (2014) ...................................................................... 18, 20

*White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*,
407 F. Supp. 3d 931 (S.D. Cal. 2019) ...................................... 6, 7, 10

*Yamashita v. LG Chem, Ltd.*,
62 F.4th 496 (9th Cir. 2023) ........................................................ 18, 21

*Zipfel v. Halliburton Co.*,
832 F.2d 1477 (9th Cir. 1987), amended on other grounds by 861 F.2d 565
(9th Cir. 1988) ................................................................................... 11

**Statutes**

28 U.S.C. § 1391 ........................................................................... 3, 17

28 U.S.C. § 1391(a)(1) ....................................................................... 17

28 U.S.C. § 1391(b) ........................................................................... 17

28 U.S.C. § 1404(a) ............................................................................. 7

Cal. Civ. Proc. Code § 410.10 ........................................................... 18

**Rules**

Fed. R. Civ. P. 12(b)(3) ..................................................................... 17

-v-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Defendants Hyatt Hotels Corporation; Hyatt Corporation; Playa Resorts Management, LLC; and Playa Management USA, LLC ("Defendants")[1] submit this memorandum of points and authorities in support of their motion to dismiss Plaintiffs' Complaint (Doc. 1) for *forum non conveniens*, improper venue, and lack of personal jurisdiction.

## I.    INTRODUCTION

This action arises from an incident that occurred in Puerto Vallarta, State of Jalisco, Mexico on October 11, 2021, at the Hyatt Ziva Puerto Vallarta resort (the "Resort"). On that date, Plaintiffs' son, Nico Carter, fell from a ninth story balcony at the Resort and died (the "Incident"). (Doc. 1 at ¶¶ 61-68.) The gravamen of Plaintiffs' Complaint is the death of their son in Mexico. In an unsuccessful effort to establish even a tenuous connection to California, Plaintiffs include allegations directed to a hotel reservations website. But that website is accessible worldwide—not only in California, and records regarding the website are not located in California. This action has everything to do with Mexico, and nothing to do with California other than the residence of Plaintiffs and the parties' attorneys. This is not enough to keep this Mexico-centric action in California—let alone in the United States where it should have never been filed in the first place.

Plaintiffs have sued each Defendant for wrongful death, violation of the California Consumer Legal Remedies Act, misrepresentation, and negligent infliction of emotional distress. (Doc. 1.) However, the Resort where the Incident occurred is owned by a nonparty Mexican entity and managed by another nonparty Mexican entity; Defendants do not own, operate, control, manage, or franchise the Resort. (Declaration of Christina Urbanski (Hyatt Hotels Corporation) at ¶¶ 8-11; Declaration of Christina Urbanski (Hyatt Corporation) at ¶ 8-11; Declaration of Andrea Couttenye at ¶¶ 8-11; Declaration of Marcela Tobon at ¶¶ 8-11;

---

[1] Named defendant Playa Hotels & Resorts, N.V., a foreign company based in the Netherlands, has not been served.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    Declaration of Daniele Galligani at ¶¶ 8-9; Declaration of Fernando Cardoso at ¶¶

2    8-9.) Thus, connection between Plaintiffs' claims and Defendants is non-existent.

3    Indeed, Plaintiffs are engaging in classic forum shopping by bringing this case in

4    California—suing the wrong entities in the wrong venue despite the applicable law

5    to the contrary.

6        Accordingly, Plaintiffs' Complaint should be dismissed for three reasons:

7        ***First***, dismissal is required based on *forum non conveniens* under both a

8    mandatory forum-selection clause ("FSC") and the common law doctrine of *forum*

9    *non conveniens*. When Plaintiffs checked into the Resort, they signed a registration

10   card that includes the FSC agreeing that, because Mexican law governs the

11   provision of the Resort's services, "any incident, complaint, demand, claim or

12   legal proceeding shall be submitted to the exclusive jurisdiction of the Mexican

13   courts and subject to Mexican laws and regulations." (Galligani Decl. at ¶¶ 6-7 &

14   Ex. A; Cardoso Decl. at ¶¶ 6-7 & Ex. A.) "[T]he appropriate way to enforce a

15   forum-selection clause pointing to a state or foreign forum is through the doctrine

16   of *forum non conveniens*," *Atlantic Marine Constr. Co. v. United States Dist.*

17   *Court*, 571 U.S. 49, 60 (2013), and "'[o]nly under extraordinary circumstances

18   unrelated to the convenience of the parties' should a motion to enforce a forum-

19   selection clause be denied." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d

20   1081, 1088 (9th Cir. 2018) (quoting *Atlantic Marine*, 571 U.S. at 62). Thus,

21   dismissal under this FSC is mandatory.

22       Moreover, even if Plaintiffs had not agreed to a forum-selection clause,

23   dismissal is still warranted under common law *forum non conveniens*. Defendants

24   have submitted expert testimony demonstrating Mexico is an adequate alternative

25   forum, (Declaration of Jordi Oropeza Solórzano), and "the balance of private and

26   public interest factors favors dismissal." *Loya v. Starwood Hotels & Resorts*

27   *Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009) (quoting *Lockman Found. v.*

28   *Evangelical Alliance Mission*, 930 F.3d 764, 767 (9th Cir. 1991)). Indeed, as

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

shown below, this case is not a close call; the *forum non conveniens* factors overwhelmingly favor Mexico.

*Second*, California is not a proper venue for this case. The injury giving rise to Plaintiffs' claim occurred in Mexico and Defendants are not residents of California. 28 U.S.C. § 1391.

*Third*, Plaintiffs cannot carry their burden of establishing that this Court has personal jurisdiction over any Defendant. This is not an "exceptional case" that would allow the exercise of general jurisdiction in a forum that is not the company's place of incorporation, place of organization, or its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). Nor is there "a strong 'relationship among [any Defendant], the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1028 (2021) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

This case belongs in Mexico and should be dismissed.

## II.    BACKGROUND

### A.    The Defendants Are Not California Entities.

Hyatt Hotels Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois. (Urbanski Decl. (Hyatt Hotels Corporation) at ¶ 4.) Hyatt Hotels Corporation does not own, operate, control, manage, maintain, or franchise the Resort. (*Id*. at ¶¶ 8-11.)

Hyatt Corporation is a Delaware corporation with its principal place of business in Chicago, Illinois. (Urbanski Decl. (Hyatt Corporation) at ¶ 5.) Hyatt Corporation does not own, operate, control, manage, maintain, or franchise the Resort. (*Id*. at ¶¶ 8-11.)

Playa Resorts Management, LLC is a limited liability company organized under the laws of Delaware with a principal place of business in Fairfax, Virginia. (Couttenye Decl. at ¶ 4.) Playa Resorts Management, LLC does not own, operate,

-3-

control, manage, maintain, or franchise the Resort. (*Id.* at ¶¶ 7-11.)

Playa Management USA, LLC is a limited liability company organized under the laws of Delaware with a principal place of business in Fort Lauderdale, Florida. (Tobon Decl. at ¶ 4.) Playa Management USA, LLC does not own, operate, control, manage, maintain, or franchise the Resort. (*Id.* at ¶¶ 7-11.)

The Incident occurred on Mexican soil, at the Resort in Puerto Vallarta. (Doc. 1 at ¶¶ 61-68.) "Hyatt Ziva Puerto Vallarta" is not a legal entity; it is the trade name for the Resort owned by Cameron del Pacífico, S. de R.L. de C.V. ("Cameron del Pacífico"), a company organized under the laws of Mexico with a principal place of business in Mexico. (Urbanski Decl. (Hyatt Hotels Corporation) at ¶ 8; Urbanski Decl. (Hyatt Corporation) at ¶ 8; Couttenye Decl. at ¶ 7; Tobon Decl. at ¶ 7; Galligani Decl. at ¶ 8; Cardoso Decl.at ¶ 8.) The Resort is managed by Playa Resorts Management Mexico, S. de R.L. de C.V. ("Playa Resorts Management Mexico"), a company organized under the laws of Mexico with a principal place of business in Mexico. (Galligani Decl.at ¶ 9; Cardoso Decl. at ¶ 9.) Neither the Mexican owner nor Mexican manager are parties to the lawsuit. These entities own, control, and manage the day-to-day activities at the Resort in Mexico, including maintenance and safety practices that occur solely in Mexico. (Galligani Decl. at ¶¶ 13-16; Cardoso Decl. at ¶¶ 13-15.) As a result, the applicable evidence and witnesses that are pertinent to Plaintiffs' claims are located in Mexico, and outside this Court's subpoena power.

**B.    Plaintiffs Agreed to Forum Selection and Choice-of-Law Clauses.**

Plaintiffs are successful business owners and sophisticated consumers, (Doc. 1 at ¶7), who, when they checked into the Resort, reviewed and signed the FSC included in a registration card with the following "NOTICE TO GUEST" (capitalization in original):

By signing this document, you hereby acknowledge and agree (on behalf of yourself and any accompanying individual staying in the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

same guest room) that all services provided at the Hotel premises are subject to applicable laws and regulations in Mexico. As a result, any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Mexican courts and subject to Mexican laws and regulations. You, on behalf of yourself and any accompanying individual staying in the same guest room hereby expressly waive any right to challenge jurisdiction or venue in such courts (or applicable law) due to your current or future place of residence or nationality.

(Galligani Decl. at ¶¶ 6-7 & Ex. A; Cardoso Decl. at ¶¶ 6-7 & Ex. A.)

The FSC was in normal font type and size (in both English and Spanish), and was in a separate stand-alone paragraph with other material terms and conditions. (*Id.*) Plaintiffs were afforded the opportunity to read the applicable terms and conditions before signing the registration card. (*Id.*) And, after receiving that opportunity, Plaintiffs signed the card, thereby agreeing to the FSC. (*Id.*) It was and is Resort policy to allow guests to cross-out the FSC in the Registration Card without penalty if they chose to do so. (*Id.*)

### C. The Alleged Incident.

Plaintiffs allege that on October 11, 2021, while vacationing at the Resort in Puerto Vallarta, Jalisco, Mexico, Plaintiff James Carter was in a common area with his toddler son Nico. (Doc. 1 at ¶ 66.) Nico stepped onto a ninth-floor balcony which Plaintiffs allege was dangerous by design and also missing a safety glass panel. (Doc. 1 at ¶¶ 63, 64, 67.) Nico fell from the balcony and died. (Doc. 1 at ¶ 68.) Everything to do with this alleged incident occurred in Mexico, and has nothing to do with the United States, let alone California.

## III. ARGUMENT

District courts have "discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Thus, this "Court can examine the merits of the *forum non conveniens*

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-5-

argument before addressing the jurisdictional issues." *Endonovo Therapeutics, Inc. v. New Paradigm Ventures, Inc.*, No. CV-16-07433-MWF, 2017 WL 3049560, at *1 (C.D. Cal. Jan. 5, 2017). Likewise, "courts possess the discretion to address questions of venue before resolving jurisdictional issues." *Otter Prod., LLC v. Hansen*, No. CV 13-3712 PA (RZX), 2013 WL 12139137, at *1 (C.D. Cal. Aug. 16, 2013); *see also White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 942 (S.D. Cal. 2019) ("If dismissal under forum *non conveniens* is appropriate, the court need not address other grounds for dismissal.") Once a district court determines that the appropriate forum is located in a foreign country, the court may dismiss the case. *Cheng v. Boeing Co.*, 708 F.2d 1406, 1409 (9th Cir. 1983).

Federal law governs the validity of a forum selection clause in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).

### A.    Dismissal Is Required Under *Forum Non Conveniens*.

Ordinarily, a court considering a *forum non conveniens* motion weighs a number of factors related to public and private interests. *White Knight Yacht*, 407 F. Supp. at 943. "The calculus changes … when the parties' contract contains a valid forum-selection clause"—the presence of such a clause "renders the private interest factors irrelevant…." *Id*. (citing *Atlantic Marine*, 571 U.S. at 63).

"First, the plaintiff's choice of forum merits no weight" and "the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Atlantic Marine*, 571 U.S. at 63-64. Second, courts "should not consider arguments about the parties' private interests." *Id*. at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation." *Id*. "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. "The practical result is that forum-selection clauses will almost always

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

control." *White Knight Yacht*, 407 F. Supp. at 943 (citation omitted).

### 1.    The mandatory FSC dictates dismissal.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine*, 571 U.S. at 60. "And because both §1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way they evaluate a forum-selection clause pointing to a federal forum." *Id*. at 61.

To determine whether the forum-selection clause requires dismissal of Plaintiffs' claims under the *forum non conveniens* framework, "the Court considers: (1) whether Plaintiff's claims fall within the clause's scope, (2) whether the clause is valid and enforceable under federal law, and, assuming the answer to the first and second considerations is yes, (3) whether Plaintiff has met its burden to show that the public interest factors counsel against dismissal. *White Knight Yacht*, 407 F. Supp. at 943 (citing *Primary Color Sys. Corp. v. Agfa Corp.*, No. SACV 17-00761-JVS (DFMx), 2017 WL 8220729, at *3 (C.D. Cal. July 13, 2017).).

### (a)    The FSC is mandatory and encompasses this dispute.

The FSC is mandatory—Plaintiffs agreed that any incident "*shall* be submitted to the *exclusive* jurisdiction of the Mexican courts." (Galligani Decl. at ¶¶ 6-7 & Ex. A (emphasis added);  Cardoso Decl. at ¶¶ 6-7 & Ex. A (emphasis added); *Docksider, Ltd. v. Sea Tech., Ltd*., 875 F.2d 762, 764 (9th Cir. 1989). Further, by its terms, the FSC applies to "*any* incident, complaint, demand, claim or legal proceeding" regarding the Resort's services. (Galligani Decl. at ¶¶ 6-7 & Ex. A (emphasis added); Cardoso Decl. at ¶¶ 6-7 & Ex. A (emphasis added).) This plainly "covers the present suit" and Plaintiffs' Complaint does not allege otherwise. *Sun*, 901 F.3d at 1086; (Doc. 1 at ¶¶ 52-60.) Each of Plaintiffs' claims

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

for relief is based on allegations regarding the Resort's services. (*See, e.g.* Doc. 1 at ¶¶ 76-87 (wrongful death claim predicated on alleged negligence of the Resort); at ¶¶ 91, 92 (CLRA claim based on alleged characteristics of the Resort); at ¶¶ 102, 103 (misrepresentation claim based on alleged lack of safety and security of the Resort); at ¶¶ 108, 109 (negligent infliction of emotional distress claim predicated on alleged negligence of the Resort.) Plaintiffs' claims fall within the scope of the FSC.

**(b)    The forum-selection clause is enforceable.**

"Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) (internal quotations omitted); *Manetti-Farrow*, 858 F.2d at 514. "The party opposing application of the forum-selection clause bears a 'heavy burden' in demonstrating that its enforcement would be unreasonable." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

In order to show enforcement would be unreasonable, a plaintiff must make "a strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Sun*, 901 F.3d at 1088 (quoting *M/S Bremen*, 407 U.S. at 15, 18).

Plaintiffs have identified no public policy—strong or otherwise—that enforcement of the FSC would contravene. Nor can Plaintiffs allege that they would be deprived of their day in court. Plaintiffs have made no allegation whatsoever that would tend to show trial in Mexico inconvenient or difficult— much less gravely so resulting in deprivation of their day in court. As detailed below, Mexico is an adequate forum in which Plaintiffs may appropriately bring

-8-

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

their claims.

Moreover, there is no fraud or overreaching alleged. Plaintiffs are sophisticated consumers, successful business owners, (Doc. 1 at ¶7), who reviewed and signed the registration card containing the FSC. The clause was legible, and Plaintiffs had an opportunity to be meaningfully informed of the terms and conditions governing their stay. (Galligani Decl. at ¶¶ 6-7 & Ex. A; Cardoso Decl. at ¶¶ 6-7 & Ex. A.) The Complaint acknowledges that Mr. Carter signed the FSC and there is no allegation that he did not read it. While a forum selection clause may not be fair if it is shown that the resisting party was not free to reject it with impunity, that is not the case here. (*Id.*) Pursuant to Resort policy, Plaintiffs could have rejected the FSC and struck it out without penalty. (*Id.*); *see Cleveland v. Kerzner Int'l Resorts, Inc.*, 657 F. App'x 924, 926 (11th Cir. 2016) (holding that Bahamian resort's mandatory forum-selection clause was reasonably communicated to the plaintiff-guests at check-in based on an affidavit provided by the Bahamian hotel, which explained that it was hotel policy to permit objecting guests to strike that provision).

In the very recent case of *Ekpo*, a virtually identical forum-selection clause to the one in this case was deemed enforceable as to plaintiff's claim that a Jamaican resort was liable for his injury. *Ekpo v. Playa Management USA, LLC*, No. 1:21-CV-2089-TWT, 2023 WL 3397393, at *1 (N.D. Ga. May 11, 2023). The forum-selection clause in that case provided:

> The undersigned, on behalf of itself and any accompanying individuals staying in the same room (hereinafter the "Guest") by signing this document hereby acknowledges and agrees that all services provided at the hotel premises are subject to applicable laws and regulations in Jamaica. As a result, any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction of the Jamaican courts and subject to Jamaican laws and regulations. Guest hereby expressly waives any right to challenge jurisdiction or venue in such courts (or applicable law) due to its current or future place of residence or nationality.

-9-

*Id.* The *Ekpo* court deemed this forum-selection clause "valid" and "enforceable." *Id.* at *3.

Just as in *Ekpo*, Plaintiffs here acknowledged and agreed that all services provided at the hotel premises were subject to the foreign country's laws and regulations. (Galligani Decl. at ¶¶ 6-7 & Ex. A; Cardoso Decl. at ¶¶ 6-7 & Ex. A.) Plaintiffs acknowledged and agreed that "any incident, complaint, demand, claim or legal proceeding shall be submitted to the exclusive jurisdiction" of the foreign courts and subject to the foreign country's laws and regulations. (*Id.*) California federal courts similarly routinely enforce comparable clauses and Plaintiffs can bring their claims and seek similar damages in Mexico. (Oropeza Solórzano Decl. ¶ 57.) This is evident from the numerous cases cited below finding Mexico an adequate alternative forum.[2]

Accordingly, Plaintiffs will not be able to make the requisite showing to invalidate the FSC or render it unenforceable.

### (c)    The public interest factors weigh in favor of dismissal.

A valid forum-selection clause "should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 60, 134 S.Ct. 568. It is Plaintiffs' burden to show that "public interest factors strongly disfavor dismissal of this action from the present forum." *White Knight Yacht*, 407 F. Supp. at 948.

"Public interest factors include '(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar

___

[2] Any argument that Defendants cannot enforce the forum selection clause because they are non-signatories to the agreement Plaintiffs signed must be rejected. "The law in this Circuit is clear that, although forum selection clauses are a matter of contract, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d at 514.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law.'" *Loya*, 583 F.3d at 664 (quoting *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703-04 (9th Cir. 1995)).

"'Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin.'" *Indem. Ins. Co. of N. Am., Inc. v. Servicios Refrigerados Internacionales, S.A. de C.V.*, No. 19-CV-283-CAB-BLM, 2019 WL 2269948, at *5 (S.D. Cal. May 28, 2019) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "[R]easonable steps to reduce court congestion should be taken and this case should properly be handled at its origin in Mexico." *Id*. There is no justification for "burdening California jurors to try a case that has little to nothing to do with California." *Id*.

"The local interest factor looks to whether there is 'an identifiable local interest' in this forum." *Id.* (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1182 (9th Cir. 2006)). "The interest of the foreign forum can also be relevant." *Id*. (citing *Loya*, 583 F.3d at 665) (affirming a decision that found that Mexico's interest in a case outweighed the forum state's interest). "The subject incident took place in Mexico and material proof and witnesses regarding liability are mostly, if not all, in Mexico." *Id*. at *14. "[T]here is little to no connection with the subject incident and California" and therefore "the local interest factor weighs in favor of litigating this case in Mexico." *Id*. Additionally, tourism is an important industry in Mexico representing a significant portion of its GDP. As a result, and as evidence by its regulation of this industry, Mexico has a strong interest in holding resorts operating in Mexico accountable and insuring that foreign tourists are treated fairly. (Oropeza Solórzano Decl. ¶¶ 55, 56.)

As to the familiarity with the governing law factor, "[t]he Ninth Circuit has held that '[b]efore dismissing a case for *forum non conveniens*, a district court must first make a choice of law determination.'" *Id*. (quoting *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1482 (9th Cir. 1987), amended on other grounds by 861 F.2d

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

565 (9th Cir. 1988)). "A federal court sitting in diversity applies the forum state's choice of law rules." *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir. 2010). California courts apply the law chosen by the parties except under narrow circumstances not present here. *Nedlloyd Lines B.V. v. Superior Court*, 834 P.3d 1148 & n.5 (Cal. 1992). Accordingly, Mexican law applies to Plaintiffs' claims. (Galligani Decl. at ¶¶ 6-7 & Ex. A; Cardoso Decl. at ¶¶ 6-7 & Ex. A; Oropeza Solórzano Decl. ¶ 57.)

However, "the choice of law analysis is determinative only when the case involves a United States statute requiring venue in the United States." *Indem. Ins. Co.*, 2019 WL 2269948, at \*6. "Where no such law is implicated, the choice of law determination is given much less deference on a *forum non conveniens* inquiry." *Id.* "Since 'there is no arguably applicable law that would end the *forum non conveniens* inquiry'" in this case, "'no potentially dispositive choice of law determination need'" be made. *Id.* (quoting *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1092 (9th Cir. 1998)).

There is little to no connection between the subject Incident in this case and California. None of Plaintiffs' claims for relief are based on an event that actually occurred in California. (*See, e.g.* Doc. 1 at ¶¶ 76-87 (wrongful death claim predicated on alleged negligence of the Resort); at ¶¶ 91, 92 (CLRA claim based on alleged characteristics of the Resort); at ¶¶ 102, 103 (misrepresentation claim based on alleged lack of safety and security of the Resort); at ¶¶ 108, 109 (negligent infliction of emotional distress claim predicated on alleged negligence of the Resort.) All claims for relief arise from the Mexican Resort's alleged unsafe balcony. (*Id.*) The most critical facts supporting Plaintiffs' claims took place in Mexico. Material proof is mostly, if not all, in Mexico as are nearly all witnesses, many of whose first language is not English. (Galligani Decl. at ¶¶ 12-16; Cardoso Decl. at ¶¶ 12-15.) Public interest factors each strongly favor that the case be handled "at its origin" Mexico. Even side-issue allegations directed at the

-12-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

reservations website do not concern a website operated or maintained in California—or even directed specifically to or accessible only in California. Plaintiffs' claims are simply not based on acts or omissions committed in California by any California defendant.

Accordingly, "public-interest concerns do not suggest that this is an 'unusual case' in which enforcement of the forum-selection clause is improper." *Minghong Inv., Inc. v. Felix Chac Chuo*, No. 2:21-CV-05979-SB-PD, 2022 WL 2189365, at *5 (C.D. Cal. Mar. 9, 2022). To the contrary, the Court should enforce the forum-selection clause. *Earthmade Prods., LLC v. Botanicals Internacional S.A. de C.V.*, No. 8:20-cv-02445-JVS-DFM, 2022 WL 19405239 (C.D. Cal. Feb. 2, 2022) (granting motion to dismiss for *forum non conveniens* based on Mexican forum selection clause); *Aimsley Enters., Inc. v. Merryman*, No. 19-cv-02101-YGR, 2020 WL 1677330 (N.D. Cal. Apr. 6, 2020) (granting motion to dismiss for *forum non conveniens* based on Mexican forum selection clause); *Russell v. Grande Bahia de Los Suenos, S. de R.L.*, No. 13-cv-2081, 2014 WL 1028882 (S.D. Cal. Mar. 17, 2014) (granting motion to dismiss for *forum non conveniens* based on Mexican forum selection clause); *Monugian v. Desarrollo Marina Vallarta S.A. de C.V.*, No. CV 08-1497-GAF, 2008 WL 11336862 (C.D. Cal. Dec. 15, 2008) (granting motion to dismiss for *forum non conveniens* based on Mexican forum selection clause).

### 2.    This case should be dismissed even if there were no valid forum selection clause (which there is).

In the absence of a valid forum selection clause, a party moving to dismiss on *forum non conveniens* grounds "must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Loya*, 583 F.3d at 664 (quoting *Lockman*, 930 F.3d at 767).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

1

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

## **(a)    Mexico is an adequate alternative forum.**

"An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Indem. Ins. Co.*, 2019 WL 2269948, at *3 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981); *Leetsch v. Freedman*, 260 F.3d 1100, 1103 (9th Cir. 2001)). "It is only in 'rare circumstances … where the remedy provided by the alternative forum … is so clearly inadequate or unsatisfactory, that it is no remedy at all,' that this requirement is met." *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254 n.22).

"[N]umerous cases have found Mexico to be an adequate forum." *Monugian*, 2008 WL 11336862, at *6 (citing cases); *see also*, *e.g.*, *Loya*, 583 F.3d at 664; *Earthmade*, 2022 WL 19405239, at *5; *Indem. Ins. Co.*, 2019 WL 2269948, at *3; *Russell*, 2014 WL 1028882, at *7. The same result should follow here.

Defendants have submitted expert testimony establishing that Plaintiffs can file a tort-based suit in Mexico and explaining the damages that would be available to Plaintiffs in Mexico. (Oropeza Solórzano Decl. ¶¶ 40-50, 57.) In addition, all Defendants will accept service of process, consent to the jurisdiction of the appropriate courts of Mexico, and agree to toll the statute of limitations for Plaintiffs' claims from the commencement of this action to sixty days beyond entry of dismissal, if this case is properly reinstituted in Mexico. (Urbanski Decl. (Hyatt Hotels Corporation) at ¶ 17; Urbanski Decl. (Hyatt Corporation) at ¶ 17; Tobon Decl. at ¶ 16; Couttenye Decl. at ¶ 15.)

In *Loya*, the district court had found Mexico an adequate forum where plaintiff raised a claim of wrongful death as well as a claim under the Washington Consumer Protection Act for falsely advertising that a hotel provided safe scuba diving activities. *Loya*, 583 F.3d at 664. The Ninth Circuit affirmed, noting that Mexico unquestionably provided a remedy and a "foreign forum must only provide the plaintiff with 'some' remedy in order for the alternative forum to be

-14-

adequate." *Id*. at 666 (citing *Lueck*, 236 F.3d at 1143–44). Defendants' expert testimony establishes that, in addition to wrongful death, Mexican law provides redress for consumer misrepresentation-type claims similar to the CLRA. (Oropeza Solórzano Decl. ¶¶ 46, 47, 57.)

As in *Loya*, so here. "Mexico provides an adequate forum because all defendants agreed to accept service, submit to the jurisdiction, and waive any statute of limitations defenses; [Plaintiff] could bring a tort-based suit there; and Mexican courts would afford some remedy." *Loya*, 583 F.3d at 664.

### (b)    The balance of private and public interest factors favors dismissal.

"Public interest factors include '(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law.'" *Loya*, 583 F.3d at 664 (quoting *Creative Tech.*, 61 F.3d at 703-04). As detailed and demonstrated above, at III.A.1.c, each of the public interest factors weighs in favor of dismissal. In short, "the time and resources this Court would spend on this case are better spent elsewhere, as this case belongs in Mexico." *Indem. Ins. Co*., 2019 WL 2269948, at *6.

Private interest factors similarly dictate dismissal. "Private interest factors include '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of hostile witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive.'" *Loya*, 583 F.3d at 664 (quoting *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995)).

Each of these factors weighs in favor of Mexico. The sources of proof are

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

in Mexico: the Resort itself is located in Mexico (factors 1 and 3) and dozens of material witnesses regarding the Incident are in Mexico (factors 1 and 2), including representatives for the Mexican owner of the Resort and the Mexican manager of the Resort, personnel who are responsible for maintenance of the Resort and those who were working on the day of the Incident among many others. (Galligani Decl. at ¶¶ 13-16; Cardoso Decl. at ¶¶ 13-15.) The vast majority of witnesses are Mexican nationals who reside in Mexico. (*Id*.) Even regarding ancillary allegations as to the reservations website, there is no evidence in California and no allegation that any such evidence exists in California.

In the *Loya* case, in which plaintiff raised a claim under the Washington Consumer Protection Act for alleged false advertising regarding safety, the Ninth Circuit affirmed the district court's conclusion that "[w]hile Washington has an interest in preventing misrepresentations to its residents about the safety of a Mexican vacation," that interest was outweighed by "Mexico's substantial interest in holding businesses operating in Mexico accountable and insuring that foreign tourists are treated fairly…given that the gravamen of Loya's complaint is that Starwood, operating in Mexico, caused Ricardo Loya's death." *Loya*, 583 F.3d at 665; (*see also* Oropeza Solórzano Decl. ¶¶ 55, 56).

Here, in light of the gravamen of Plaintiffs' Complaint, and "considering the location of the evidence on liability issues" and "the inherent difficulty of bringing hostile witnesses before the U.S. courts," "the balance of private interest factors weighs in favor of dismissal." *Indem. Ins. Co.*, 2019 WL 2269948, at *4. Moreover, any problems posed by Plaintiffs' inability to implead potential Mexican third-party defendants is a private interest factor which further supports dismissal here. *Piper Aircraft*, 454 U.S. at 235 (in analyzing the private interest factors in wrongful death action stemming from an airplane crash in Scotland brought in California state court, the Supreme Court held that the district court properly dismissed the action on the ground of *forum non conveniens* in part

-16-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

because the problems posed by petitioners' inability to implead potential Scottish third-party defendants supported holding the trial in Scotland.)

Plaintiffs are "not being asked to litigate in a forum that has no connection to the" events at issue. *Monugian*, 2008 WL 11336862, at *8. To the contrary. And people who travel to foreign countries should reasonably expect that disputes over the services they receive there will be resolved in the country where the services were provided. *Id*. Accordingly, this case should be dismissed for *forum non conveniens*.

### B.    This Is Not a Proper Venue.

Federal Rule of Civil Procedure 12(b)(3) "states that a party may move to dismiss a case for 'improper venue.'" *Atlantic Marine*, 571 U.S. at 55. "This question—whether venue is 'wrong' or 'improper'—is generally governed by [28 U.S.C. § 1391]." *Id*. Except as otherwise provided by law (for example, in copyright and patent suits), § 1391 "shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a)(1).

Under § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

It is clear that the substance of the events that give rise to Plaintiffs' claims occurred in Mexico. It would be surprising, to say the least, for Plaintiffs to allege otherwise. Those events did not occur in California and none of the Defendants

-17-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

are residents of California. (Doc. 1 at ¶¶ 61-68; Urbanski Decl. (Hyatt Hotels Corporation) at ¶ 4; Urbanski Decl. (Hyatt Corporation) at ¶ 5; Couttenye Decl. at ¶ 4; Tobon Decl. at ¶ 4.) Accordingly, California is not a proper venue for Plaintiffs' action.

### C.    This Court Does Not Have Personal Jurisdiction Over Any Defendant.

"A federal district court sitting in diversity has in personam jurisdiction over a defendant to the extent the forum state's law constitutionally provides." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (quoting *Metro. Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990)). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004); Cal. Code Civ. Proc. § 410.10. Thus, in order to determine whether jurisdiction over Defendants is authorized, the Court asks "whether the exercise of jurisdiction 'comports with the limits imposed by federal due process' on the State of [California]." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler*, 571 U.S. at 125).

"The Fourteenth Amendment's Due Process Clause limits a state court's power to exercise jurisdiction over a defendant." *Ford*, 141 S. Ct. at 1024. "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant — not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 284. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800.

There are "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford*, 141 S. Ct. at 1024. Plaintiffs cannot carry their burden of demonstrating that

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-18-

this Court has general or specific jurisdiction over Defendants.

### 1. There is no basis to exercise general jurisdiction.

"A court may assert general jurisdiction over foreign … corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)). Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNSF*, 137 S. Ct. at 1558.

In *BNSF*, the Supreme Court held that Montana could not exercise general jurisdiction over BNSF even though BNSF had "over 2,000 miles of railroad track and more than 2,000 employees in Montana." *Id*. at 1559. And in *Daimler*, the Court declined plaintiffs' invitation to "look beyond the exemplar bases *Goodyear* identified [place of incorporation and principal place of business], and approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Daimler*, 571 U.S. at 137-38. "That formulation … is unacceptably grasping" and would impermissibly result in "exorbitant exercises of all-purpose jurisdiction" in every "State in which [a company's] sales are sizable." *Id*. at 138, 139; *see also Focht v. Sol Melia S.A.*, No. C-10-0906 EMC, 2012 WL 162564, at *5 (N.D. Cal. Jan. 19, 2012) (Spanish hotel who had California customers, advertised in California, had three affiliates in California not subject to general jurisdiction in California; injury occurred in Mexico); *A.B. v. Hilton Worldwide Holdings Inc*., 484 F. Supp. 3d 921, 932 (D. Or. 2020), (no general jurisdiction over Choice Hotels in Oregon, even though Choice supervised over 300 properties in Oregon, solicited business in the state through its website, had designated an agent for service of process within the state, and had staff and real property in Oregon).

-19-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

The proper inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Id*. at 138-39 (quoting *Goodyear*, 564 U.S. at 919). "A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id*. at 139 n.20.

No Defendant is "at home" in California. *Id*. at 127; (Urbanski Decl. (Hyatt Hotels Corporation) at ¶ 4; Urbanski Decl. (Hyatt Corporation) at ¶ 5; Couttenye Decl. at ¶ 4; Tobon Decl. at ¶ 4.) Accordingly, there is no basis to exercise general jurisdiction over any Defendant.

## 2.    There is no basis to exercise specific jurisdiction.

The specific jurisdiction analysis "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The Ninth Circuit has established the following three-prong test for assessing specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Plaintiffs fail to make any specific factual allegations regarding any individual Defendant and instead make only a general allegation that groups the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

Defendants together. Plaintiffs allege only that, "Defendants [collectively] have purposefully availed themselves of the privilege of conducting business in this state by soliciting business here, including the trip that is the subject of this Complaint." (Doc. 1 at ¶ 31.) Those solicitations are alleged to have taken the form of emails received from "the Hyatt Defendants." (Doc. 1 at ¶¶ 9, 46.) There is no allegation that California was expressly targeted because it was not. And "[t]he Ninth Circuit has observed that 'the fact that [a defendant] sent emails that were received in California does not establish personal jurisdiction since the 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.''" *Eguiarte v. Golden Nugget, LLC*, No. EDCV181990MWFSHKX, 2018 WL 11338191, at *3 (C.D. Cal. Dec. 21, 2018) (quoting *Joseph Saveri Law Firm, Inc. v. Criden*, 696 F. App'x 189, 192 (9th Cir. 2017)).

As to the second prong, a company's "activity of some sort within a state … is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Bristol-Myers*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U.S. at 927). A defendant's forum-State conduct is not "sufficient—or even relevant" if it has no connection to a plaintiff's claim. *Id*. Conduct is relevant only if it establishes "a connection between the forum and the specific claims at issue." *Id*. (emphasis added). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id*.

*Ford* held that "*some* relationships" among the defendant, the forum, and the litigation will support the exercise of specific jurisdiction without a "strict causal relationship between the defendant's in-state activity and the litigation." *Ford*, 141 S. Ct. at 1026 (emphasis added). But "*Ford* makes clear that 'relate to' 'does not mean anything goes.'" *Yamashita*, 2023 WL 2374776, at *6 (quoting *Ford*, 141 S. Ct. at 1026). "To the contrary, to give 'relate to' too broad a scope

-21-

1  would risk 'collaps[ing] the distinction between general and specific personal

2  jurisdiction.'" *Id.* (quoting *Bernhardt v. Islamic Republic of Iran*, 47 F.4th 856,

3  866 (D.C. Cir. 2022)).

4  The gravamen of Plaintiffs' Complaint is the death of their son in Mexico.

5  The relationship between Plaintiffs' booking of their hotel from San Diego and

6  their alleged injuries in Mexico is too tenuous to give rise to specific jurisdiction.

7  *Dillon v. Avis Budget Grp., Inc.*, No. CV 18-3870-MWF (JCX), 2018 WL

8  3475529, at *1 (C.D. Cal. July 13, 2018). In *Dillon*, the plaintiff, a resident of

9  California, traveled to Costa Rica. While still in California, the plaintiff arranged

10  to rent a vehicle via the Avis website from a non-party entity, a company that the

11  plaintiff alleged had entered into an agreement with defendant Avis. *Id.* The

12  plaintiff's rental agreement provided for the rental car to include a GPS device

13  which "Avis specifically represented ... was sufficient for safe travel within Costa

14  Rica, and would permit Dillon to effectively navigate between towns." *Id.*

15  According to the plaintiff the GPS device failed to function properly eventuating

16  in the vehicle plunging off the road, causing the plaintiff significant back injury

17  and serious head trauma. *Id.* at *1-2.

18  Dillon's counsel argued that the plaintiff's injuries were sustained not only

19  in Costa Rica, but also in California, where he was located when he received

20  allegedly false representations concerning the same GPS. *Id.* at *6.

21  The Dillon court found this "repackag[ing]" of plaintiff's claim insufficient

22  to support specific jurisdiction. To the extent plaintiff received any information

23  from Avis while he was physically located in California, it was via the website,

24  which is indisputably accessible from anywhere in the world. *Id.*

25  In the instant case, none of the Defendants owned, operated, controlled,

26  managed, maintained, or franchised the Resort in California or otherwise, and the

27  services that are the subject of Plaintiffs' claims were provided in Mexico by

28

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

-22-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

Mexican entities.[3] (Urbanski Decl. (Hyatt Hotels Corporation) at ¶¶ 8-14; Urbanski Decl. (Hyatt Corporation) at ¶¶ 8-14; Couttenye Decl. at ¶¶ 7-14; Tobon Decl. at ¶¶ 7-14.) As in *Dillon*, to the extent Plaintiffs had contact with any Defendant, that contact is alleged to have been only via a website, access to which is not limited to California. (Urbanski Decl. (Hyatt Hotels Corporation) at ¶ 15.)

Absent further case-specific, volitional, and California-directed conduct on any Defendant's part, of which there is no allegation or evidence, the fact that Plaintiffs happened to be California residents and happened to be in San Diego when they allegedly read alleged misrepresentations, does not tilt the scales in favor of exercising specific jurisdiction. *Id.*; *see also Eguiarte v. Golden Nugget, LLC*, No. EDCV181990MWFSHKX, 2018 WL 11338191, at *1 (C.D. Cal. Dec. 21, 2018) (injury in Nevada hotel did not lead to specific jurisdiction in California, even if promotional email to plaintiff convinced her to come to Nevada hotel, not sufficiently related to alleged injury).

Accordingly, Defendants do not have contact with California that is "related enough" to Plaintiffs' claims to support the constitutional exercise of specific jurisdiction. *Ford*, 141 S. Ct. at 1031.

## IV.  CONCLUSION.

Defendants Hyatt Hotels Corporation; Hyatt Corporation; Playa Resorts Management, LLC; and Playa Management USA, LLC respectfully request that the Court dismiss Plaintiffs' Complaint.

///

///

///

///

---

[3] Plaintiffs concede as much in their own Complaint, in which they acknowledge that they have been advised of this fact. (Doc. 1 at ¶ 41.)

-23-

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

1    Dated: November 28, 2023    GORDON REES SCULLY MANSUKHANI, LLP

2

3                                By:    */s/ Kevin W. Alexander*
                                        Kevin W. Alexander
4                                       Renata Ortiz Bloom
                                        Attorney for Defendants,
5                                       HYATT HOTELS CORPORATION,
                                        HYATT CORPORATION, PLAYA
6                                       RESORTS MANAGEMENT, LLC
                                        and PLAYA MANAGEMENT USA,
7                                       LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**101 W. Broadway, Suite 2000**
**San Diego, CA 92101**

-24-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS